## MORRISTOWN EMERGENCY AND RESCUE SQUAD, INC., Plaintiff–Appellee,

### v.

## VOLUNTEER DEVELOPMENT COMPANY, INC., d/b/a Three Rivers Ambulance Service, Defendant–Appellant.

Court of Appeals of Tennessee, Eastern Section.

April 9, 1990.

Permission to Appeal Denied by Supreme Court July 2, 1990.

A. Benjamin Strand, Jr., Strand & Goddard, Dandridge, for defendant-appellant.

Mark C. Travis, Wimberly, Lawson & Cobb, Morristown, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

The defendant was permanently enjoined from operating an ambulance service within Morristown and Hamblen County, Tennessee, and on appeal insists plaintiff had no standing to seek an injunction and the

franchise issued to plaintiff to operate an ambulance service is invalid.

Pertinent findings of fact by the chancellor are undisputed:

Plaintiff was incorporated in January of 1957 as a non-profit corporation. As its name suggests, it furnishes emergency and rescue services to the general public. Until September 1984, the Rescue Squad furnished ambulance service in Morristown and Hamblen County on a non-paid volunteer basis. Users of the ambulance service were not charged for services rendered, nor were the Rescue Squad members paid for their services.

On December 17, 1968, by Ordinance No. 1760, the City of Morristown purported to grant to the plaintiff Rescue Squad "an exclusive franchise for the operation of an ambulance service" in the city. On January 13, 1969, Hamblen County undertook to grant to the plaintiff-Rescue Squad an exclusive right or franchise to provide ambulance service in Hamblen County....

On September 13, 1984, the members of the Rescue Squad formed the Morristown–Hamblen Emergency Medical Service Company (E.M.S.). The E.M.S. was chartered as a non-profit corporation and is a wholly-owned subsidiary corporation of the plaintiff-Rescue Squad. After September 1984 all ambulance service in Morristown and Hamblen County was provided by E.M.S.

Defendant is a Tennessee corporation and apparently was chartered for the express purpose of operating an ambulance service. In any event, it is operating an ambulance service in Morristown and Hamblen County and apparently to some extent in surrounding counties.

█ The plaintiff has standing to maintain the action. The essence of standing is whether a party has alleged such a personal stake in the outcome of the controversy as to assure concrete adverseness which sharpens the presentation of the issues.

Standing requires not only a distinct and palpable injury but also a causal connection between the claimed injury and the challenged conduct. *See Wesley v. Collins,* 791 F.2d 1255 (6th Cir.1986). In *Patten v. Mayor of Chattanooga,* 108 Tenn. 197, 65 S.W. 414 (1901), the Supreme Court, where plaintiff was contesting an ordinance, concluded the essential element of standing is an allegation that the ordinance will inflict some injury on the complainant not common to the body of the citizenry.

█ Plaintiff's franchises and operations in Morristown and Hamblen County for over 20 years affords a unique stake in the outcome of the litigation not shared by others. Moreover, there is a direct link to the claimed injury, *i.e.,* interference with the Rescue Squad's franchise by defendant's unfranchised operation in the same locale.

█ In this connection, defendant also raises the question of whether E.M.S., plaintiff's wholly owned subsidiary, was a necessary party. T.R.Civ.P. 19.01 provides a person subject to the jurisdiction of the court shall be joined as a party if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that disposition in his absence may practically impair his ability to protect the interest or leave the parties subject to risk of inconsistent obligations. Defendant has identified no special interest of E.M.S. apart from that of the Rescue Squad. There is nothing in the record to suggest that E.M.S.'s interest would not be protected by virtue of its exclusion from this action. Clearly, E.M.S.'s authority to operate in Morristown and Hamblen County is derivative from plaintiff's franchise. Accordingly, we conclude the excluded E.M.S. interests are adequately protected without joinder.

█ Tennessee Code Annotated § 7–61–101 *et seq.,*[1] permits counties and

---

1. T.C.A. § 7–61–101. *"Ambulance service" defined.* For the purpose of this chapter the term "ambulance service" means the use of any privately or publicly owned motor vehicle for the

transportation of injured or infirm persons on an emergency or nonemergency basis.

T.C.A. § 7–61–102. *Provided by county or city as a public service.* The governing body of any

cities to provide ambulance service as a public service through licenses, franchises or contracts. Counties and cities may do "all things necessary" to provide the service and may adopt reasonable regulations to control provision of such services. The statute defines ambulance service as a public service which is conclusive on the issue of whether an ambulance service is a business of common right. *See* Tennessee Code Annotated § 7–61–102. It is within legislative discretion to so designate an ambulance service, the rule being that "whatever is of large public concern, so that want of regulation and control will injuriously affect the public in its general interest, may be the subject of a franchise." 37 C.J.S. *Franchises* § 1d, p. 146.

 In order for a county or municipality to grant franchises, the power to make such grant must be expressly conferred by the legislature. *Noe v. Mayor of Morristown,* 128 Tenn. 350, 161 S.W. 485 (1913). T.C.A. § 7–61–103 expressly confers upon the governing bodies of counties and cities in this state the power to franchise "ambulance service". In *Railroad Co. v. Georgia,* 98 U.S. (8 Otto) 359, 25 L.Ed. 185 (1878), the United States Supreme Court observed, in considering the nature of a franchise, that "the word is generic covering all the rights granted by the legislature" and, as the California case of *Subriar v. City of Bakersfield,* 59 Cal.App.3d

175, 130 Cal.Rptr. 853 (1976), an ambulance franchising case, states: "The granting of the exclusive right for a definite period of time falls within the commonly established definition of franchise...." 130 Cal.Rptr. at 875.

Where, as in the instant case, a municipal corporation has been authorized by the legislature to grant a franchise, the exercise of discretion of the municipal authorities in making the grant cannot be reviewed unless such exercise of discretion is fraudulent or manifestly abusive or oppressive. 36 Am.Jur.2d *Franchises* § 13. We find no abuse of discretion in making the grant to plaintiff which franchise is properly protected by injunctive relief. *See Memphis State Ry. Co. v. Rapid Transit Co.,* 133 Tenn. 99, 179 S.W. 635 (1915).

The remaining issues are without merit and the judgment of the trial court is affirmed. The cause is remanded for enforcement of the judgment, with costs of appeal assessed to appellant.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.

---

county or city of the state of Tennessee may provide and maintain and do all things necessary to provide ambulance service as a public service.

T.C.A. § 7–61–103. *Provision of private or nonprofit ambulance service—Regulations.* The governing body of any county or city may license, franchise, or contract for private operators or nonprofit general welfare corporations to provide ambulance service. In order to protect the public health and welfare, any county or city may adopt and enforce reasonable regulations to control the provision of private or nonprofit ambulance service.