IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 28, 2012 Session

## IN RE JAMES PRESTON HESS, IV

**Appeal from the Chancery Court for Williamson County**
**No. C34387     Jeffrey S. Bivins, Chancellor**

---

**No. M2011-01561-COA-R3-CV - Filed July 31, 2012**

---

This is an appeal from an order appointing a conservator for the adult son of divorced parents. The father contends that the evidence does not support the determinations that the son lacks the capacity to fully attend to his needs without assistance and that the appointment of a conservator is warranted; Mother contends that the father does not have standing to appeal. We affirm the court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

Stenley A. Kweller, Nashville, Tennessee, for the Appellant, James Preston Hess, III.

Helen Sfikas Rogers and Lawrence J. Kamm, Nashville, Tennessee, for the Appellee, Beverly Lynn Cook (Hess).

**OPINION**

Beverly Lynn Cook ("Mother"), the mother of James Preston Hess, IV ("Preston"), filed a petition to have a conservator appointed for Preston. Preston was born with spinal bifida and is wheelchair bound, among other maladies. His parents were divorced when Preston was two; Mother was named primary residential parent and Preston lives with her. At the time this proceeding was initiated, Preston was eighteen years old; he has completed a GED and works at Home Depot.

Several weeks before the conservatorship petition was filed, Mother filed a petition for civil contempt in the divorce proceeding seeking, *inter alia*, an order that Preston's father, James Preston Hess, III, ("Father") maintain medical and hospitalization insurance and pay

support for Preston past the age of majority. The conservatorship proceeding and child support action were consolidated for trial.

Both matters were referred to the Clerk and Master[1] and on October 13, 2010, the Clerk and Master entered an "Order" which held that Preston was disabled and in need of a full conservatorship and appointed Mother as conservator of his person and property. Father filed a motion pursuant to Tenn. Code Ann. § 16-16-201(b)[2] requesting that the Chancellor review the order of the Clerk and Master. Upon its review of the record, the Clerk and Master's order was affirmed. Father then filed a Rule 59 motion to alter or amend, which was likewise denied.

Father appeals, contending that the court erred in determining that James was in need of a conservator and in requiring him to pay one-half of the guardian *ad litem's* fee. In addition to resisting Father's appeal, Mother contends that Father lacks standing to appeal the order appointing a conservator.

---

[1] The order of reference is not in the record before this Court although an order entered in the divorce action, which is in the record, references a March 8, 2008 order "referring all matters to the Clerk and Master as Special Master" and that "the two matters should be consolidated for discovery and that the two matters would be heard at the same time by the Special Master/ Clerk and Master."

[2] Tenn. Code Ann. § 16-16-201(b) provides:

> (b) The clerk and master in such counties shall be authorized and empowered to grant letters of administration and letters testamentary, letters of guardianship and letters of conservatorship, appoint administrators and executors, appoint guardians and conservators, receive and adjudicate all claims, probate wills in common form, determine allowances to the surviving spouse and family of the deceased, preside over the assignment of homestead, preside over proceedings for the elective share, take and state all accounts and settlements, subject to the approval of the chancellor, direct and approve final distributions, and hear and determine all probate matters whether enumerated or not in this subsection (b). The chancellor shall hear all probates in solemn form and may hear such other probate matters as the chancellor may deem proper. All accounts, settlements and final orders of distribution shall be made subject to the approval of the chancellor. All action taken by the clerk and master shall be subject to review by the chancellor by simple motion, petition or the filing of exceptions as may be appropriate.

DISCUSSION

A. Standing

Mother contends that Father does not have standing to appeal the order appointing her as conservator; she asserts that he is not a party to the conservatorship proceeding, that he has not suffered a distinct and palpable injury, and that he is asserting the rights and interests of a third party, i.e., Preston, rather than his own. We do not agree with Mother that standing to appeal a conservatorship proceeding is so limited.

Actions for the appointment of a conservator are governed by Tenn. Code Ann. § 34-3-101 *et seq.* The petition may be filed by "any person having knowledge of the circumstances necessitating the appointment of a conservator," Tenn. Code Ann. § 34-3-102; the disabled person is the respondent in the proceeding and has the rights set forth at § 34-3-106. The name, address and relationship of the closest relatives of the respondent are required to be identified in the petition and are given a priority in being considered for appointment as conservator. Tenn. Code Ann. § 34-3-103, -104(5). No provision of the conservatorship statute limits the ability of those close relatives to participate fully in the proceeding, including the ability to appeal decisions of the court with which they do not agree. While we agree with Mother's statement of the requirements for standing generally,[3] we do not apply the requirements so strictly in a conservatorship proceeding.

---

[3] This Court discussed standing in *MARTA v. Metro. Gov't. of Nashville and Davidson Cty.*, 842 S.W.2d 611 (Tenn. Ct. App. 1992), as follows:

Standing is a judge-made doctrine used to determine whether a party is entitled to judicial relief. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). It requires the court to decide whether the party has a sufficiently personal stake in the outcome of the controversy to warrant the exercise of the court's power on its behalf. *Browning–Ferris Indus., Inc. v. City of Oak Ridge*, 644 S.W.2d 400, 402 (Tenn. Ct. App. 1982). To establish standing, a party must demonstrate (1) that it sustained a distinct and palpable injury, (2) that the injury was caused by the challenged conduct, and (3) that the injury is apt to be redressed by a remedy that the court is prepared to give. *Allen v. Wright*, 468 U.S. 737, 752,(1984); *Morristown Emergency & Rescue Squad, Inc. v. Volunteer Dev. Co.*, 793 S.W.2d 262, 263 (Tenn. Ct. App. 1990) ("Standing requires not only a distinct and palpable injury but also a causal connection between the claimed injury and the challenged conduct."); 13 Charles A. Wright, et al. *Federal Practice and Procedure* § 3531.4, at 418 (2d ed. 1984) ("Wright").

*MARTA*, 842 S.W.2d at 615.

Father is not a party to the proceeding because the statute does not contemplate or require that he be a party; as father of Preston, however, he is within the class of persons whose relationship to the proposed ward allows for him to be notified of the action and to participate in it. We note in this regard that the court ordered Father to pay one-half of the fees of Guardian *ad litem*, which Father has challenged on appeal. In addition, as more fully explained hereinafter, the determination of Preston's needs have an effect on whether Father's obligation to pay support continues past Preston reaching the age of majority. In light of these matters, as well as the unique posture of this case, Father has standing to have the appointment of a conservator for his son reviewed.

B. Appointment of a Conservator

Father contends that the evidence does not support the appointment of a conservator for Preston. Noting that the conservatorship proceeding was filed around the time Mother filed the petition seeking relief in the divorce proceeding, he also argues that "the purpose of the conservatorship action was to give credence and credibility to the claim of severe disability necessary to require the Father . . . to continue to pay child support beyond the child's 21st birthday." We address each contention in turn.

In order for a conservator to be appointed, the court must find that a person is "disabled," which is defined at Tenn. Code Ann. § 34-1-101(7) as "any person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection and assistance by reason of mental illness, physical illness or injury, developmental disability or other mental or physical incapacity." Tenn. Code Ann. § 34-3-104(7) requires that a sworn medical examination report be filed with the petition; Tenn. Code Ann. § 34-3-105 requires the report to include, *inter alia*, an opinion as to whether a conservator is needed with reasons for the recommendation. Once the determination is made to appoint a conservator, Tenn. Code Ann. § 34-1-107(2) requires the court to "enumerate the powers taken from the respondent and vested in the conservator"; powers not specifically removed are retained by the respondent. Viewing the conservatorship statutes as a whole, therefore, "while identification of the disabling illness, injury or condition is an important part of a conservatorship proceeding, *the pivotal inquiry involves not merely the diagnosis but also the effect that the illness, injury, or condition has had on the capacity of the person for whom a conservator is sought.*" *In re Conservatorship of Groves*, 109 S.W.3d 317, 331 (Tenn. Ct. App. 2003) (emphasis added).

In the October 13, 2010 order, the Clerk and Master stated the following findings:

Preston is clearly a likable, positive person. He is very vocal and has an excellent vocabulary. He is able to communicate effectively. However, the

-4-

evidence is likewise clear that Preston is not capable of making mature decisions regarding his property or his environment. He does not have the emotional or mental ability to make rational decisions regarding his health. He is not able to plan and carry out appropriate day to day activities that are necessary for his well-being. The evidence shows that Preston is currently and will continue to be unable to live independently. Without intervention, Preston would be a danger to himself, to his health, to his physical and mental well-being, and to his emotional security. He requires a competent adult to:

> 1. protect, monitor and plan his daily physical needs: to supervise preparation and guarantee consumption of meals; to make sure his surroundings and clothes are clean and sanitary; to assist and guide him in waking, dressing, and getting to work on time; and to assist him in bathing, bowel evacuation, and getting in and out of bed.
> 2. protect him and supervise him in dealing with: his earnings, his expenditure for things needed rather than things desired; his friends and internet contacts.
> 3. protect him and make rational decisions regarding his medical care and treatment.

The evidence is clear the Mrs. Hess has provided Preston with the tools to reach his full potential; her guidance and assistance have in no way limited Preston nor have her efforts shielded or protected him in a negative way. The physical environment provided by Mother in her home is necessary for Preston's health and well-being. Her support has been the primary reason Preston is able to withstand the physical demands of his job at Home Depot. Preston is working to his full qualifications and mental and physical capabilities. His ability to work in no way negates his disability; it does indeed show that Preston and his mother have made every effort for him to live and work to his full capability. The Court specifically finds that the evidence does not support any theory that Preston's behavior is somehow "normal" for a twenty one year old, or that he is no different than any other 21 year old other than being confined to a wheelchair, or that he is capable of more than given credit for. The Court specifically finds that Preston is working and living to his full potential and capability and, in doing so, remains permanently disabled and in need of assistance, supervision and protection.

With respect to the requirements at Tenn. Code Ann. § 34-1-107(2), the order provided:

-5-

The power to dispose of property, execute instruments, make contractual purchases, and enter into contractual relationships shall be removed from Preston Hess and shall vest in the Conservator. It is further ORDERED that the Conservator shall be authorized to make all reasonable and necessary decisions on behalf of the ward, including the consent or refusal of medical and mental treatment and hospitalization and shall be given the power to make decisions regarding mental health and to apply for the ward's admission to a hospital or treatment resource for mental illness or serious emotional disturbance. It is further ORDERED that the Conservators shall be authorized to advocate for the ward's financial and health care needs and to obtain any and all information governed by the Health Insurance Portability and Accountability Act of 1996 (a/k/a HIPPA), 42 U.S.C. 1320d and 45 CFR 160-164 regarding the use and disclosure of any of the Respondent's identifiable financial information, health information and/or other medical records.

Preston shall specifically retain the right to vote and the right to retain his driver's license. However, Ms. Hess has full authority as Conservator to make all decisions regarding if and when Preston may drive a vehicle.

While Father takes issue with the conclusion that Preston's condition necessitated the appointment of a conservator, he does not point to evidence preponderating against the factual findings of the Clerk and Master. The evidence supports the determination that Preston lacks the capacity to fully attend to his needs without assistance and that the appointment of a conservator is warranted. Although Father does not specifically assign error to the court's grant of specific powers to the conservator, we have reviewed those as well and affirm the grant of those powers.[4]

Father's second concern relates to the authority of the court in the divorce proceeding to order Father to pay support for Preston beyond Preston's 21st birthday in accordance with Tenn. Code Ann. § 36-5-101(k).[5] There is nothing in the record before us to indicate that the

---

[4] Father correctly points out that "as [Preston] has aged his maturity level and decision making abilities have improved significantly." The order appointing the conservator was, of course, entered on the basis of evidence existing at the time of the hearing and was based largely on Preston's physical limitations and needs. Father retains the ability, in accordance with Tenn. Code Ann. § 34-3-108(a), to petition the court to terminate the conservatorship in the future.

[5] Tenn. Code Ann. § 36-5-101(k) provides in pertinent part:

(k)(1) Except as provided in subdivision (k)(2), the court may continue child support beyond a child's minority for the benefit of a child who is handicapped or disabled, as defined by the Americans with Disabilities Act, until such child reaches twenty-one (21) years of age.

(continued...)

Clerk and Master or the court below considered any motive of Mother in bringing the petition or, indeed, considered the petition to establish the conservatorship on the basis of anything other than the merits and evidence presented. The inquiry under Tenn. Code Ann. § 36-5-101(k) is a distinct inquiry and the fact that a conservatorship has been established for Preston will be one fact which may be considered by the court in making the determinations called for under that statute.[6]

## C. Guardian *Ad Litem*'s Fee

Father contends that the court erred in requiring him to pay one-half of the fee of the guardian *ad litem*. In her brief, Mother states that she has paid the fee and, consequently, the issue is moot. We agree.

## D. Counsel Fees

Mother contends that, because Father does not have standing, this appeal is frivolous and she should be awarded her counsel fees.

---

[5](...continued)
(2) Provided, that such age limitation shall not apply if such child is severely disabled and living under the care and supervision of a parent, and the court determines that it is in the child's best interest to remain under such care and supervision and that the obligor is financially able to continue to pay child support. In such cases, the court may require the obligor to continue to pay child support for such period as it deems in the best interest of the child; provided, however, that, if the severely disabled child living with a parent was disabled prior to this child attaining eighteen (18) years of age and if the child remains severely disabled at the time of entry of a final decree of divorce or legal separation, then the court may order child support regardless of the age of the child at the time of entry of the decree.

[6] The difference in the purposes of the two proceedings, as well as the law governing them, belies any concern Father may have that there may be a *res judicata* or collateral estoppel effect attendant to the appointment of a conservator for Preston. *Res judicata* is a claim preclusion doctrine, *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987), which bars a subsequent action between the parties that involves the same claim or cause of action. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). The doctrine of collateral estoppel, or issue preclusion, bars the same parties to an earlier suit, and their privies, from relitigating issues that were litigated and determined in a prior suit. *Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007) (citation omitted). It does not apply to issues that were unnecessary for the decision in the previous suit, or if the party against whom the issue preclusion is asserted "did not have a full and fair opportunity to litigate the issue in the prior suit." *Id.* The matter of child support is the subject of a separate proceeding and our review of the conservatorship proceeding is not a review of any issue presented by Tenn. Code Ann. § 36-5-101(k).

"A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Engineering, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)) (internal citations omitted). The remedy for a frivolous appeal is provided in Tenn. Code Ann. § 27-1-122, which states:

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on judgment and expenses incurred by the appellee as a result of the appeal.

*Id*. This statute "must be interpreted and applied strictly so as not to discourage legitimate appeals. . ." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 at 586 (Tenn. 1997).

As noted *supra* Father does have standing to pursue the issues in this appeal. Moreover, there is no evidence from which to hold that this appeal is frivolous or imposed for purposes of delay.

## CONCLUSION

For the foregoing reasons, the judgment of Chancery Court appointing Beverly Lynn Cook as conservator for James Preston Hess, IV, and granting specific powers to the conservator is affirmed.

_____
RICHARD H. DINKINS, JUDGE