IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2017

## QUINTON CLOVIS v. RAQUEL HATTER, COMMISSIONER, TENNESSEE DEPARTMENT OF HUMAN SERVICES

**Appeal from the Chancery Court for Davidson County**
**No. 16-967-II    William E. Young, Chancellor**

_____

**No. M2017-00203-COA-R3-CV**

_____

Quinton Clovis ("Plaintiff") appeals the February 7, 2017 order of the Chancery Court for Davidson County ("the Trial Court") ordering, *inter alia*, that the Tennessee Department of Human Services ("the Department") reinstate Plaintiff's food stamp benefits. We find and hold that Plaintiff is not an aggrieved party, and thus, lacks standing to appeal. We, therefore, dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Dismissed Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY W. ARMSTRONG, JJ., joined.

Quinton Clovis, Nashville, Tennessee, pro se appellant.

Herbert H. Slatery, III, Attorney General and Reporter; and Ellison M. Berryhill, Assistant Attorney General for the appellee, Raquel Hatter, Commissioner, Tennessee Department of Human Services.

# MEMORANDUM OPINION[1]

Plaintiff filed suit seeking review of the Department's decision to discontinue Plaintiff's food stamp benefits. The Trial Court heard the case and entered its order on February 7, 2017 finding, *inter alia*, that "the record demonstrates that [Plaintiff] is exempt from the work requirement under two separate provisions of the Department's Food Stamp Program policy," and ordering the Department to reinstate Plaintiff's food stamp benefits. Plaintiff filed a notice of appeal to this Court.

In his brief on appeal, Plaintiff asks this Court "for a reversal of the Trial Court Judge's orders," among other things. The Department, in its brief on appeal, argues that Plaintiff is not an aggrieved party and lacks standing to pursue this appeal.

As this Court has explained:

> Standing is a judge-made doctrine used to determine whether a party is entitled to judicial relief. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). It requires the court to decide whether the party has a sufficiently personal stake in the outcome of the controversy to warrant the exercise of the court's power on its behalf. *Browning–Ferris Indus., Inc. v. City of Oak Ridge*, 644 S.W.2d 400, 402 (Tenn. Ct. App. 1982). To establish standing, a party must demonstrate (1) that it sustained a distinct and palpable injury, (2) that the injury was caused by the challenged conduct, and (3) that the injury is apt to be redressed by a remedy that the court is prepared to give. *Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, 82 L.Ed.2d 556 (1984); *Morristown Emergency & Rescue Squad, Inc. v. Volunteer Dev. Co.*, 793 S.W.2d 262, 263 (Tenn. Ct. App. 1990) ("Standing requires not only a distinct and palpable injury but also a causal connection between the claimed injury and the challenged conduct."); 13 Charles A. Wright, et al. *Federal Practice and Procedure* § 3531.4, at 418 (2d ed. 1984) ("Wright").
>
> The primary focus of a standing inquiry is on the party, not on the merits of the claim. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 484, 102 S. Ct. 752, 765,

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

70 L.Ed.2d 700 (1982); *Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 1952, 20 L.Ed.2d 947 (1968); *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1086 (6th Cir. 1989); *National Fed'n of Fed. Employees v. Cheney*, 883 F.2d 1038, 1041 (D.C. Cir. 1989). Thus, a party's standing does not depend on the likelihood of success of its claim on the merits. *Hill v. City of Houston*, 764 F.2d 1156, 1159–60 (5th Cir. 1985).

*Metro. Air Research Testing Auth., Inc. v. The Metropolitan Gov't of Nashville and Davidson Cty.*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992). Furthermore:

> Under our case law only an aggrieved party has a right to prosecute an appeal. *Huggins v. Nichols*, 59 Tenn. App. 326, 440 S.W.2d 618 (1968); *Cummings v. Patterson*, 54 Tenn. App. 75, 388 S.W.2d 157 (1964); *Peoples Bank v. John Baxter*, 41 Tenn. App. 710, 298 S.W.2d 732 (1956). An aggrieved party has been defined as one having an interest recognized by law which is injuriously affected by the judgment, *In Re Bernheim's Estate*, 82 Mont. 198, 266 P. 378 (1928), or whose property rights or personal interest are directly affected by its operation, *In Re Michigan-Ohio Bldg. Corporation*, 117 F.2d 191 (1941).

*Koontz v. Epperson Elec. Co.*, 643 S.W.2d 333, 335 (Tenn. Ct. App. 1982).

In the case now before us, Plaintiff is not an aggrieved party as he prevailed below when the Trial Court ordered the Department to reinstate his food stamp benefits. As such, Plaintiff was not injuriously affected by the Trial Court's judgment, and, therefore, lacks standing to pursue this appeal. We dismiss the appeal, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Quinton Clovis.

_____

D. MICHAEL SWINEY, CHIEF JUDGE