IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 24, 2021 Session

## IN RE ESTATE OF SHELTON D. RAMEY

**Appeal from the General Sessions Court for Loudon County, Probate Division**
**No. 5803      Rex Alan Dale, Judge**

_____

**No. E2020-00270-COA-R3-CV**
_____

This appeal concerns a residual beneficiary's objection to an estate administrator receiving any fees based upon the latter's alleged breach of fiduciary duty. David Ramey ("Ramey") is a beneficiary under his late father's will. However, Ramey was in Chapter 7 Bankruptcy at the time of his father's death, and Ramey's inheritance became part of the bankruptcy estate. Dustin Crouse ("Crouse") was appointed administrator of the probate estate. Michael Fitzpatrick ("Fitzpatrick") is the Chapter 7 Trustee. Ramey filed an objection alleging Crouse breached his fiduciary duty by selling the estate's primary asset, a house, below market value in a private sale. The General Sessions Court for Loudon County, Probate Division ("the Trial Court") ruled against Ramey, although it found he had standing to bring his claims. Ramey appeals, objecting to fees paid to Crouse. We hold that Ramey lacks standing as any such claims of his to the probate estate belong to the Chapter 7 Trustee rather than him. We, therefore, affirm the Trial Court, although on different grounds. The judgment of the Trial Court is affirmed as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court**
**Affirmed as Modified; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Elliott J. Schuchardt, Knoxville, Tennessee, for the appellant, David Ramey.

Ryan E. Jarrard, Knoxville, Tennessee, for the appellee, Michael H. Fitzpatrick, Chapter 7 Trustee.

Dustin S. Crouse, Knoxville, Tennessee, appellee-administrator.

# OPINION

## Background

On December 7, 2018, Ramey filed for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Tennessee. Shortly thereafter, Ramey's father Shelton D. Ramey ("Decedent") entered the hospital. Decedent died on December 27, 2018. Before his death, on December 20, 2018, Decedent executed his last will and testament. In his will, Decedent named Veda Odle ("Odle") personal representative of his estate. The will provided for Odle to receive certain property. The balance of the estate was awarded to Ramey.

Owing to the bankruptcy proceedings, Ramey's inheritance interest became the property of the bankruptcy estate, which was administered by Fitzpatrick as Trustee. In January 2019, Odle filed a petition for letters testamentary with the Trial Court. In February 2019, Ramey filed a motion seeking to remove Odle as personal representative. Ramey alleged that Odle had taken advantage of his heavily sedated, dying father to procure the will. In March 2019, citing Odle and Ramey's conflict and their dueling allegations of inappropriate conduct with respect to the estate, Fitzpatrick filed a motion to appoint an independent, third-party administrator to administer the probate estate. Fitzpatrick requested Crouse for the role. The Trial Court granted Fitzpatrick's motion and appointed Crouse administrator. Odle was relieved of her role. The Trial Court ordered Ramey to return all assets of the probate estate in his possession. Odle filed for fees and expenses and to be awarded the items left to her in Decedent's will.

Ramey and Crouse then became embroiled in a dispute over the sale of certain vehicles that had belonged to Decedent. Ramey wanted to assist in selling them, as he alleged Crouse would liquidate them in a "fire sale." An August 2019 order of the Trial Court contained the following provisions: (1) Kimberlee Waterhouse's [Odle's attorney] fees and expenses of $4,066.99 were approved; (2) Odle's fees and expenses of $8,310.72 and Decedent's funeral expenses of $5,000.00 were approved; (3) a 30-day deadline to file objections to fee applications; (4) Crouse had authority to sell items of personal property besides those bequeathed to Odle; (5) Ramey was to find interested purchasers of the personal property and direct said purchasers to Crouse; (6) Ramey was banned from entering on the real property that had belonged to Decedent; (7) Crouse was to enter into contracts for the sale of the real property; and (8) Crouse had authority to enter the storage facility in Ramey's name where additional probate estate property was being held. In June 2019, Ramey filed an objection to Odle or her attorney receiving any fees.

In July 2019, Crouse entered into a purchase and sale agreement with one Shannon Littleton. Under the agreement, Littleton would purchase Decedent's house for $166,000.

The house was the primary asset of the estate. Crouse submitted his petition to confirm the purchase and sale agreement with the Trial Court. No objections were raised. In August 2019, the Trial Court entered another order, this time: (1) approving fees and expenses of Odle and Waterhouse; (2) offsetting the $5,000.00 funeral expense claim of Odle for her option to buy the Kubota tractor from the estate under the will; (3) approving payment of outstanding federal income taxes; (4) concluding Ramey lacked standing to contest the will; (5) providing 10 days for Odle to remove items bequeathed to her from the real property; (6) authorizing Crouse to deliver remaining personal property to Ramey; (7) allowing for the sale, disposal, or donation of any remaining property; and (8) directing Crouse to file a final accounting upon completion. The Trial Court also entered an agreed order confirming the purchase and sale agreement. In September 2019, the Trial Court entered another order, to wit: (1) granting Ramey more time to pick up remaining personal property; (2) reaffirming Crouse's authority to dispose, or donate, leftover items; (3) reaffirming that Crouse serves as an independent administrator; (4) affirming the parties' agreement that items at Powell Auction & Realty remain with it; and (5) affirming Odle received all the discovered property that was owed to her under Decedent's last will and testament.

In October 2019, Crouse filed his final accounting and petition for attorney-administrator fees and expenses, to which Ramey filed an objection. Ramey, who stood to inherit if anything remained in the estate after the bankruptcy proceedings and creditors were satisfied, alleged Crouse wasted the estate by conducting a private sale and failing to market the property resulting in the house selling for $50,000 below its fair market value. In response, Crouse filed a motion to dismiss. In December 2019, a hearing was held, at which witnesses testified to the circumstances surrounding the sale of the house. Following that hearing, the Trial Court entered an order with the following provisions: (1) Ramey's Motion for Order Setting Aside Sale of Real Property on Grounds of Fraud in the Inducement was denied; (2) Ramey's Objection of David Ramey to Executor's Petition for Approval of Fees and Expenses was denied; (3) Crouse's Motion to Dismiss was granted on the merits; (4) Crouse's initial fees and expenses were approved; (5) 10 days were granted from December 5, 2019 to contest Crouse's supplemental fee petition; (6) 15 days were granted to object to counsel for Crouse's fee petition; (7) payment was directed toward a creditor's claim; and (8) Crouse was directed to file an amended Final Accounting.

In January 2020, Crouse filed his Amended Final Accounting & Distribution Plan and Petition for Final Attorney-Administrator Fees. Ramey again filed an objection on the basis that Crouse violated his fiduciary duty to the estate and to him as a residual beneficiary. In February 2020, a final hearing was held. Afterward, the Trial Court confirmed and approved the pending fee applications. Ramey timely appealed to this Court.

**Discussion**

Ramey raises a number of issues on appeal. However, we discern a single dispositive issue, one raised by Crouse: whether Ramey has standing in this matter. Crouse raises a separate issue of whether he is entitled to his attorney's fees and expenses incurred on appeal.[1]

We first address whether Ramey has standing. In his brief, Crouse asserts that "Bankruptcy Trustee [Fitzpatrick] is the sole party to these proceedings with a legal and equitable interest in the sale of the real property and in the proceeds of the real property." Fitzpatrick makes a similar argument in his brief, stating: "Due to the fact that Appellant Ramey's interest in the Shelton Ramey estate is a bankruptcy asset, and Appellee Fitzpatrick is serving as the Chapter 7 Trustee of the bankruptcy estate, David Ramey does not have standing to bring this appeal." For his part, Ramey states in his reply brief that he has standing on the basis of "a *residuary interest* in the probate estate, because [he] has an ownership interest in the property of the estate, after all creditors of the probate estate and his chapter 7 bankruptcy estate were paid." (Emphasis in original).

To resolve this issue, we first look to the doctrine of standing itself. Regarding standing, this Court has discussed:

> Standing is a judge-made doctrine used to determine whether a party is entitled to judicial relief. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). It requires the court to decide whether the party has a sufficiently personal stake in the outcome of the controversy to warrant the exercise of the court's power on its behalf. *Browning-Ferris Indus., Inc. v. City of Oak Ridge*, 644 S.W.2d 400, 402 (Tenn. Ct. App. 1982). To establish standing, a party must demonstrate (1) that it sustained a distinct and palpable injury, (2) that the injury was caused by the challenged conduct, and (3) that the injury is apt to be redressed by a remedy that the court is prepared to give. *Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, 82 L.Ed.2d 556 (1984); *Morristown Emergency & Rescue Squad, Inc. v. Volunteer Dev. Co.*, 793 S.W.2d 262, 263 (Tenn. Ct. App. 1990) ("Standing requires not only a distinct and palpable injury but also a causal connection between the claimed injury and the challenged conduct."); 13 Charles A. Wright, et al. *Federal Practice and Procedure* § 3531.4, at 418 (2d ed. 1984) ("Wright").

---

[1] Ramey also raises an issue concerning whether the Trial Court erred in awarding Odle her fees and expenses. However, Odle was not joined in this appeal. We decline to consider this issue.

-4-

The primary focus of a standing inquiry is on the party, not on the merits of the claim. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 484, 102 S. Ct. 752, 765, 70 L.Ed.2d 700 (1982); *Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 1952, 20 L.Ed.2d 947 (1968); *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1086 (6th Cir. 1989); *National Fed'n of Fed. Employees v. Cheney*, 883 F.2d 1038, 1041 (D.C. Cir. 1989). Thus, a party's standing does not depend on the likelihood of success of its claim on the merits. *Hill v. City of Houston*, 764 F.2d 1156, 1159-60 (5th Cir. 1985).

*Metro. Air Research Testing Auth., Inc. v. The Metropolitan Gov't of Nashville and Davidson Cty.*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992)). In addition:

Under our case law only an aggrieved party has a right to prosecute an appeal. *Huggins v. Nichols*, 59 Tenn. App. 326, 440 S.W.2d 618 (1968); *Cummings v. Patterson*, 54 Tenn. App. 75, 388 S.W.2d 157 (1964); *Peoples Bank v. John Baxter*, 41 Tenn. App. 710, 298 S.W.2d 732 (1956). An aggrieved party has been defined as one having an interest recognized by law which is injuriously affected by the judgment, *In Re Bernheim's Estate*, 82 Mont. 198, 266 P. 378 (1928), or whose property rights or personal interest are directly affected by its operation, *In Re Michigan-Ohio Bldg. Corporation*, 117 F.2d 191 (1941).

*Koontz v. Epperson Elec. Co.*, 643 S.W.2d 333, 335 (Tenn. Ct. App. 1982).

Regarding the impact that the filing of a bankruptcy petition has upon a debtor's standing to assert causes of action previously held by the debtor, this Court has explained:

Under the United States Bankruptcy Code, when a debtor files a bankruptcy petition, a bankruptcy estate is created which includes all of the debtor's legal or equitable interests in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). These interests in property include causes of action. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). Upon the appointment of a trustee in bankruptcy, the trustee succeeds to all causes of action formerly held by the debtor, and the debtor lacks standing to pursue those causes of action. 11 U.S.C. § 323(a); *Bowie v. Rose Shanis Financial Services, LLC*, 160 Md.App. 227, 862 A.2d 1102 (2004); *Vucak v. City of Portland*, 194 Or.App. 564, 96 P.3d 362 (2004). Property that the debtor schedules in the petition that has not been administered when the court closes the case is abandoned to the debtor. 11 U.S.C. § 554(c). But estate property which is not administered as part of the bankruptcy case and

-5-

which is not abandoned to the debtor under section 554 remains property of the estate.

*Headrick v. Bradley County Mem'l Hosp.*, 208 S.W.3d 395, 399 (Tenn. Ct. App. 2006).

Based upon our review of the pertinent law, we agree with Crouse and Fitzpatrick with regard to their standing argument. There is no serious dispute that Ramey's interest in Decedent's probate estate became an asset of Ramey's bankruptcy estate. *See* 11 U.S.C. § 323(a) and 11 U.S.C. § 541(a). Fitzpatrick has stepped into Ramey's shoes, so to speak. Should any claims be made against Crouse's performance as independent administrator, they belong to Fitzpatrick rather than Ramey. Nevertheless, Ramey insists that he is an aggrieved party because he has a residual interest in the probate estate. Ramey's interest is residual indeed, and that residual interest is now an asset of the bankruptcy estate. Ramey argues further as evidence of his standing that Fitzpatrick abandoned the estate's interest in certain personal property to him. Ramey cites 11 U.S.C. § 554 for the proposition that property abandoned by the Chapter 7 Trustee no longer is property of the estate. Ramey is correct—but only as to the abandoned property. That certain property was abandoned to Ramey does not alter the fact that the Chapter 7 Trustee has otherwise 'stepped into his shoes.' It is Fitzpatrick as the bankruptcy trustee who now holds Ramey's residual interest in the probate estate as a bankruptcy asset.

Ramey cites, among other cases, *In re Estate of Bostic*, No. E2016-00553-COA-R3-CV, 2016 WL 7105213 (Tenn. Ct. App. Dec. 6, 2016), *no appl. perm. appeal filed*, for the proposition that a residual beneficiary has standing to challenge the actions of an administrator.[2] *In re Estate of Bostic* states, as relevant:

> Here, the trial court ruled that Contestant's amendment to her complaint, which contested only a portion of the will, cured any standing issues that might have existed because a successful contest "could increase [Contestant's] share as residuary beneficiary under the [W]ill." No language in the will purported to limit the residuary estate in any way. If Ms. Mullins's specific gifts under the will are invalidated, the void gifts would therefore pass to Contestant as the named residuary beneficiary and would thereby enlarge her share of Decedent's estate. Because Contestant stands to increase her share under the will if the will contest were successful, the trial court did not err in ruling that Contestant has standing to pursue the will contest in this

---

[2] Another case Ramey cites on this issue, *Brown v. Brown*, No. W2012-02301-COA-R3-CV, 2013 WL 1619687 (Tenn. Ct. App. April 16, 2013), *no appl. perm. appeal filed*, is designated a Memorandum Opinion, which pursuant to Rule 10 of the rules of this Court may not be cited or relied upon in any unrelated case. We therefore do not consider it. Supplemental authority filed by Ramey, *Alexander v. Nelson*, 825 S.W.2d 106 (Tenn. Ct. App. 1991), does not contend with standing and is unhelpful on this issue.

case. Having decided the Contestant has standing, we will proceed to consider whether Appellees' estoppel arguments warrant dismissal of the will contest.

*Id*. at *3.

We find *In re Estate of Bostic* inapposite on the question of standing. In the present case, the residual beneficiary challenging the administrator's actions is in the midst of Chapter 7 Bankruptcy proceedings—a scenario unaddressed by *In re Estate of Bostic*. Ramey is not an aggrieved party as his residual interest in the probate estate is now an asset of the bankruptcy estate, and we hold that he lacks standing to challenge Crouse's fees. Deeming this issue dispositive, Ramey's other issues as well as Crouse and Fitzpatrick's additional related issues are pretermitted.

The second and final issue we address is whether Crouse is entitled to his attorney's fees and expenses incurred on appeal. Crouse cites to Tenn. Code Ann. § 30-2-317, which provides as relevant: "(a) All claims or demands against the estate of any deceased person shall be divided into the following classifications, which shall have priority in the order shown: (1) First: Costs of administration, …." Tenn. Code Ann. § 30-2-317 (2015). This Court has expounded upon administrator's fees as follows:

> [T]his case involves services rendered in the course of administering a decedent's estate, services provided for the benefit of the estate. More specifically, the services rendered by Mr. Gossum on appeal in this case were in furtherance of his duties as both the administrator and the attorney for the estate, and recovery was sought from the estate, not from a non-prevailing party. "[I]t is well established that a personal representative of an estate may be entitled to receive reasonable attorney fees from the estate, where ... the attorney's services have inured to the estate's benefit." *Martin*, 109 S.W.3d at 313; *see also In re Wakefield*, M1998-009210-COA-R3-CV, 2001 WL 1566117, at *24 (Tenn. Ct. App. Dec. 10, 2001); T.C.A. § 30-2-317(a) (2007) (listing reasonable compensation to the personal representative's counsel among the types of administrative costs that are given first priority). We see no reason why Mr. Gossum's fee for representing the estate on appeal should be treated differently than his fee for representing the estate in the trial court. Thus, as in *Chaille*, we find that "the proper time and place to request attorneys fees for" such services is in the trial court, along with the request for compensation for all the other services rendered to the estate. *See Chaille*, 689 S.W.2d at 179.

*In re Estate of Dunlap*, No. W2010-01516-COA-R9-CV, 2011 WL 1642577, at *4 (Tenn. Ct. App. April 29, 2011), *no appl. perm. appeal filed*. The *Dunlap* panel found further that "Mr. Gossum's request for the approval of his attorney fees incurred on appeal in the administration of an estate should be classified with the other requests for attorney fees incurred in the administration of the estate," and that "the estate's attorney need not request such fees in the appellate court, and indeed would not make such a request in the first instance to the appellate court." *Id*. at *5. We hold that Crouse is entitled to an award, out of the estate, of his attorney's fees and expenses incurred in defending this appeal because these fees and expenses constitute a cost of administration. On remand in the Trial Court, Crouse may request his attorney's fees and expenses incurred on appeal.

## Conclusion

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellant, David Ramey, and his surety, if any.

s/ D. Michael Swiney
D. MICHAEL SWINEY, CHIEF JUDGE